**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW L. JOHNSON., Plaintiff, v. STANDARD GUARANTY INSURANCE COMPANY, et al., Defendants. | ) | No. 4:21-CV-211 RLW |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on review of the file. Plaintiff initially filed suit in the Circuit Court of the City of St. Louis, State of Missouri. The Petition (ECF No. 4) asserted a single state law claim against one defendant for statutory vexatious refusal to pay an insurance claim. Defendant Standard Guaranty Insurance Company ("SGIC") removed the action to this Court on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b).

On April 19, 2021, the Court granted Plaintiff's Motion for Leave to Amend Complaint and Plaintiff filed his First Amended Complaint ("Complaint") on April 20, 2021 (ECF No. 16). The Complaint adds a new defendant, PHH Mortgage Corporation ("PHH"), and alternatively asserts two counts for declaratory relief under Chapter 527 of the Missouri Revised Statutes. (ECF No. 16, ¶ 2.) The Complaint asserts that the Court has jurisdiction under 28 U.S.C. § 1332(a) based on complete diversity of citizenship (Id. at 2, ¶ 3.)

**Discussion**

"Courts have an independent obligation to determine whether subject matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the

nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

Upon removal, diversity jurisdiction existed in this case based on factual allegations in the Petition and Defendant SGIC's Notice of Removal (ECF No. 1), which together established complete diversity of citizenship of the parties and that the requisite amount of controversy was in excess of $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83-84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)) (on removal, courts can look both to the Petition and Notice of Removal to determine the existence of subject matter jurisdiction).

Plaintiff's filing of the Complaint with a new party defendant requires the Court to reexamine its jurisdiction. Plaintiff is now the party invoking federal jurisdiction and thus bears the burden to prove that all prerequisites to jurisdiction are satisfied. See Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). The Complaint alleges that Plaintiff is a citizen of Missouri (ECF No. 16 at 3, ¶ 5), "Defendant SGIC is a foreign insurance company registered with the Missouri Department of Insurance to do business in Missouri, and is thereby subject to suit in Missouri" (id. ¶ 6), and "Defendant PHH is a New Jersey corporation in good standing, engaged in the business of making and servicing consumer mortgage loans." (Id. ¶ 7.)

The Complaint fails to allege necessary jurisdictional facts concerning Defendant SGIC's state(s) of incorporation and principal place of business, and Defendant PHH's state of principal place of business. As a result, it fails to establish complete diversity of citizenship and the existence of diversity jurisdiction. Plaintiff will be granted seven (7) days to file a Second Amended Complaint that alleges facts showing complete diversity of citizenship. Failure to timely and fully comply with this Order will result in the remand of this case without prejudice for lack of subject matter jurisdiction

Accordingly,

**IT IS HEREBY ORDERED** that by **April 28, 2021**, Plaintiff shall file a Second Amended Complaint that alleges facts establishing the citizenship of the parties to this action.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be remanded to the court from which it was removed, for lack of subject matter jurisdiction. See Rule 12(h)(3), Fed. R. Civ. P.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of April, 2021.